**STATE, ex rel BRYAN, Relator, v. INDUSTRIAL COMMISSION, Respondent.**

Ohio Appeals, Second District, Franklin County.

No. 4107. Decided September 16, 1948.

Hon. Hugh S. Jenkins, Atty. Genl., R. Brooke Alloway, Asst. Atty. Genl., Columbus, for respondent.
Maurice H. Shapiro, Cleveland, for relator.

## OPINION

By HORNBECK, J.

The action is to mandamus the Commission as prayed in the petition.

On or about March 6, 1944, relator was in the employ of the General Motors Corporation in Cleveland, Ohio, a self-insurer, as a carpenter within one of its plants. By reason of handling nails which had been treated with resin and turpentine, on or about July 3, 1944, relator developed a rash on his hands, which inflammation was known as dermatitis. The condition was reported to the agents of the employer and later to its physician. On November 16, 1944, relator filed an application with respondent for payment of compensation, medical services, etc., predicated on the claim that he suffered an occupational disease, namely, dermatitis. On the 10th of April, 1946, respondent allowed the claim but found that as relator had not been disabled in excess of seven days, he was entitled to no compensation. Thereafter on December 4, 1946, respondent dismissed an application of relator for determination of the percentage of permanent, partial disability, finding that he had not suffered any permanent, partial disability as a result of the occupational disease upon which he made his claim.

On March 24, 1947, relator moved the Commission that his original application, of date November 16, 1944, be considered

as an application for an award for an injury suffered arising out of and in the course of his employment. June 9, 1947, respondent made an order in which it again found that relator's disability was the result of an occupational disease and further that it was not the result of an injury received in the course of and arising out of his employment. Relator's motion to treat his original application as an injury claim was dismissed. To this order an application for rehearing was filed and the employer also filed a motion to deny the application for rehearing as a result of which all prior orders of the Commission were set aside except those which responded to relator's applications for awards by reason of the occupational disease which he claimed he suffered.

The petition recites at length the procedural steps taken from their inception until final order and prays that a writ of mandamus issue commanding the respondent to accept his original application as being, in legal contemplation, an application by the relator requesting compensation by reason of an accidental injury as distinguished from and wholly independent of an occupational disease claim; to accept said application and to act upon it, according to relator the right to present testimony and evidence as upon rehearing and to act upon relator's claim.

The gist of the action is to require the respondent to consider the original application of relator which was for an award for an occupational disease as an application for an injury suffered in the course of employment. It is vital to relator's cause that the original application be considered as for an award for an accidental injury as of the date when filed because otherwise, §1465-72a GC would bar him because no other application for allowance for injury suffered was filed with the respondent within two years after the injury.

Manifestly, the request of relator is unusual and in so far as we find in the record, the claim of injury is not supported by any substantial factual development whatever. The observation of the respondent in its entry of June 9, 1947, that relator's affliction is,

"not the result of an injury received in the course of and arising out of his employment"

is merely corollary to its express finding theretofore made that his condition "is the result of an occupational disease".

If it be conceded that the respondent had jurisdiction to treat the original application as one for injury, certainly it had a discretion whether or not it would do so. Nothing

appears in the record which would support a determination by this Court that the Commission in any order made affecting the relator abused its discretion.

The situation developed by the record will not permit this Court to say that it is the manifest duty of the respondent to accord to the relator the relief which is sought in the petition. The writ will be denied.

WISEMAN, PJ, and MILLER, J, concur.